977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George ANCHETA, Defendant-Appellant.
 No. 92-10113.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 17, 1992.*
Decided Oct. 5, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant George Ancheta appeals the district court's denial of his motion to dismiss his indictment on the ground that a third trial would violate his right under the Double Jeopardy Clause of the U.S. Constitution. The issue is whether the trial judge presiding in his second trial intentionally goaded the appellant into asking for a mistrial. We believe that he did not, and affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 Appellant George Ancheta was arrested during an effort to market about four ounces of crystal methamphetamine ("ice"). On the day of his arrest, Ancheta offered a D.E.A. informant a sample of the drugs; later, he drove his co-defendant to the park and was present when his co-defendant handed the cellophane envelope containing the drugs to the undercover police officer who was posing as a buyer.
 
 
 4
 Ancheta was charged with conspiring to distribute, possessing with intent to distribute, and aiding and abetting the distribution of over one hundred grams of crystal methamphetamine. Ancheta's first trial in the district court, before Judge Harold M. Fong, ended in a hung jury and a mistrial.
 
 
 5
 Ancheta's second jury trial began with the same attorneys and trial judge. When the defense attorney, Mr. Ray Findlay, was cross-examining a government witness, Judge Fong objected to a certain line of questioning as irrelevant. Thus began an exchange between the judge and Findlay that eventually led to the court granting both the defendant's request to dismiss his lawyer and, consequently, the defendant's motion for a mistrial. After this second mistrial was declared, the Federal Public Defender's office was appointed to represent Ancheta, who then filed a motion before a new district judge to dismiss all charges on the ground that a third trial would violate the Double Jeopardy Clause of the U.S. Constitution. The motion was denied after oral argument. Ancheta has filed a timely interlocutory appeal of the denial of his motion to dismiss the indictment.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 6
 The district court had jurisdiction under 18 U.S.C. § 3231. This panel has jurisdiction over this interlocutory appeal under 28 U.S.C. § 1291 and § 1294(1), and under Abney v. United States, 431 U.S. 651, 659 (1977) (holding that denial of motion to dismiss indictment on double jeopardy ground is immediately appealable). A district court's denial of a motion to dismiss on double jeopardy grounds is generally reviewed de novo. United States v. Lun, 944 F.2d 642, 644 (9th Cir.1991). However, when the denial is based upon factual findings about governmental conduct, these fact findings are reviewed under the deferential, "clearly erroneous" standard. Id.
 
 III.
 DISCUSSION
 
 7
 A. Legal standard.
 
 
 8
 The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects a criminal defendant from repeated prosecutions for the same offense. United States v. Dinitz, 424 U.S. 600, 606 (1976). However, when, as here, the defendant requests a mistrial, the Double Jeopardy Clause generally does not bar retrial. Oregon v. Kennedy, 456 U.S. 667, 672-73 (1982). This general rule has one "narrow exception": when the prosecution or court intends to provoke or goad the defendant into asking for a mistrial, then the Double Jeopardy Clause will obtain, and there can be no retrial. Id. at 673, 679; Lun, 944 F.2d at 644. The Ninth Circuit has interpreted Kennedy literally: even if the defendant has "no realistic choice" but to ask for a mistrial, retrial is not barred absent intent to goad on the part of the government. Lun, 944 F.2d at 646.
 
 
 9
 B. Record does not show intent to goad.
 
 
 10
 A review of the record shows that the trial judge did not intentionally provoke the defendant into requesting a mistrial. There are two places in the record which the defendant contends show the judge's intent to provoke his request for a mistrial: an exchange between the defense attorney and the judge that happened in front of the jury, and the judge's comment to the defense attorney out of the presence of the jury. Neither shows the requisite intent to provoke a request for a mistrial.
 
 
 11
 1. Exchange before jury.
 
 
 12
 The exchange before the jury centered on the cellophane envelope which contained the drugs. There were no identifiable fingerprints on this bag, but there were some "friction ridges." During cross-examination of the government's fingerprint expert, the defense attorney started to ask whether the friction ridges could be used to exclude someone as the source of the print. The judge objected to this question as irrelevant because there were no identifiable prints on the bag, thus no comparisons could be made, and, in his opinion: "This is not a fingerprint case." The defense attorney repeatedly tried to pursue this same line of questioning, and the judge simply reiterated his objection that it was irrelevant because it was not a fingerprint case.
 
 
 13
 Whether the trial judge was right or wrong in prohibiting the defense attorney's line of cross-examination is not in issue. The only issue is whether the judge intended to goad the defense into requesting a mistrial, and the exchange before the jury does not support this contention.
 
 
 14
 2. Comment after the jury was excused.
 
 
 15
 After this exchange, the jury was excused, and the defense attorney moved for a mistrial because he felt the judge had "deprecated and demeaned" him in the eyes of the jury. The judge denied the attorney's motion for a mistrial, then, out of the presence of the jurors, directed his only harsh words towards the attorney when he told him that his attempted cross-examination was a "nonissue. It is a phoney issue. It is a red herring and it's blowing smoke in the jury's eyes to mislead them into an area...." The attorney then renewed his motion for a mistrial because he believed this last statement was an "allegation of unethical conduct."
 
 
 16
 The judge's comment does not show intent to provoke a request for a mistrial, but, rather, justifiable annoyance with the defense attorney. Instead of accepting the judge's objection and moving on, the defense counsel argued with the judge, continued to pursue the forbidden line of questioning, made speeches during his cross-examination, and stated in front of the jury that he could be charged with malpractice if he could not pursue his desired questions.
 
 
 17
 C. Judge reluctantly granted motion for mistrial.
 
 
 18
 After a short recess, the defendant said he wanted to dismiss his attorney because he feared how the jury would react to the judge's earlier in-court remarks about how the case was not a fingerprint case. The judge offered to withdraw this statement because "your trial strategy may have changed," but ended by granting the defendant's request to dismiss his attorney. The defendant then renewed his motion for a mistrial, which the judge reluctantly granted because he felt the defendant would be prejudiced if a new attorney took over the case in the middle of the trial.
 
 
 19
 The record does not support the contention that the judge intentionally provoked the defendant's request for a mistrial. A third trial is not barred by the Double Jeopardy Clause.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3